COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Bray and Overton
Argued at Norfolk, Virginia


ROBERT BRANAM, S/K/A
 ROBERT S. BRANAM

v.         Record No. 1033-94-1         MEMORANDUM OPINION[*]
                                        BY JUDGE JOSEPH E. BAKER
COMMONWEALTH OF VIRGINIA                    OCTOBER 24, 1995


          FROM THE CIRCUIT COURT OF SOUTHAMPTON COUNTY
                  Westbrook J. Parker, Judge

          Inga Anna Francis (Francis and Francis, on brief),
          for appellant.

          Leah A. Darron, Assistant Attorney General
          (James S. Gilmore, III, Attorney General, on brief),
          for appellee.


     Robert S. Branam (appellant) appeals from his bench trial

convictions by the Circuit Court of Southampton County (trial

court) of four counts of producing sexually explicit visual

material of juveniles in violation of Code § 18.2-374.1.

Although appellant alleges several trial court errors as ground

for reversal of his convictions, we need address only whether the

evidence satisfies the element of a "sexually explicit" showing

of a "lewd exhibition of nudity," required by Code § 18.2-374.1,

pursuant to which appellant was indicted and tried.  We hold that

pursuant to previously decided cases, by which we are bound, the

evidence is insufficient to support the verdicts.

───────────────

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

In relevant part, Code § 18.2-374.1 provides:

> A. For the purposes of this article and Article 4 (§ 18.2-362 et seq.) of this chapter, the term "sexually explicit visual material" means a picture, photograph, drawing, sculpture, motion picture film, digital image or similar visual representation which depicts sexual bestiality, a lewd exhibition of nudity, as nudity is defined in § 18.2-390, or sexual excitement, sexual conduct or sadomasochistic abuse, as also defined in § 18.2-390, . . . .
>
> B. A person shall be guilty of a Class 5 felony who: . . . .
>
> * * * * * * *
>
> 2. Produces or makes or attempts or prepares to produce or make sexually explicit visual material which utilizes or has as a subject a person less than eighteen years of age; . . . .

Code § 18.2-390 defines nudity as,

> (2) . . . a state of undress so as to expose the human male or female genitals, pubic area or buttocks with less than a full opaque covering, or the showing of the female breast with less than a fully opaque covering of any portion thereof below the top of the nipple, or the depiction of covered or uncovered male genitals in a discernibly turgid state.

Under the facts before us, nudity as defined in § 18.2-390 clearly has been proved; however, the question remains whether the film constituted a "lewd exhibition of nudity."

On July 8, 1993, LM, an employee at appellant's photography studio, was cleaning appellant's office and saw an old trumpet case that she had never seen before under appellant's desk. She opened the case to find a trumpet and eight videotapes. None of

the tapes had titles.  LM played one of the tapes and determined that it was a pornographic movie.  She viewed a second tape which depicted someone getting undressed in a dressing room.  LM recognized the dressing room to be appellant's studio at a previous location.  LM further recognized some of the girls on the tape as her friends, as well as herself when she had visited the studio at age sixteen to have her senior class portrait taken.  The tape depicted her in the studio dressing room removing her shirt and bra and putting on the drape she wore in her portrait.  The tape depicted her at a stage of undress, revealing her breasts.  The tape was edited so as to pause, rewind, and replay repeatedly her act of removing her bra and exposing her breasts.

Detective Wayne Verdaasdonk (Verdaasdonk) testified that the other seven videotapes that were found with the subject tape were pornographic.  The tape in question, according to Verdaasdonk, depicted twenty-one different women, including the four victims named in the indictments.  He stated that the tape was an edited version of a master tape and that while the tape continued to run, there were portions where the tape stillframed certain scenes and where there were replays of the same physical act.  The tape was fast forwarded through the segment depicting the adult women and was played during the segments showing the other three teenage victims.  Verdaasdonk testified that with respect to each victim, the tape stillframed and continuously replayed

the same scenes.

The trial judge did not view the seven other tapes introduced into evidence.

In Foster v. Commonwealth, 6 Va. App. 313, 369 S.E.2d 688 (1990), a panel of this Court held that photographing of exposed nipples (of a female), while within the liberal definition of nudity under Code § 18.2-390, is not, without more, the lewd exhibition of nudity required under Code § 18.2-374.1. The Foster Court noted with approval the meaning of the terms "lewd, lascivious and indecent" as stated in Dickerson v. City of Richmond, 2 Va. App. 473, 346 S.E.2d 333 (1986):

> "These words have meanings that are generally understood. We have defined 'lascivious' to mean 'a state of mind that is eager for sexual indulgence, desirous of inciting to lust or of inciting sexual desire and appetite.' 'Lewd' is a synonym of 'lascivious' and 'indecent.'" Webster's Third New International Dictionary 1301 (1969).

Foster, at 329, 369 S.E.2d at 697-98. Relying on Foster and Dickerson, a panel of this Court, in Frantz v. Commonwealth, 9 Va. App. 348, 388 S.E.2d 273 (1990) (Baker, J., dissenting), held that where teenage boys were photographed in complete nude condition, "there is nothing in the record before us to suggest that the nude photographs taken by Frantz were lewd within the meaning of the statute." Id. at 353, 388 S.E.2d at 276.

For the foregoing stated reasons, we are bound by the authorities cited. Accordingly, the judgments of the trial court

- 4 -

are reversed and dismissed.

                                    <u>Reversed and dismissed.</u>